EXHIBIT B

Filing # 117554293 E-Filed 12/02/2020 05:10:06 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA.

NATALIA D'ONOFRIO,                                 CASE NO.

       Plaintiff,

v.

NEXTERA ENERGY RESOURCES, LLC,
a Florida Limited Liability Company,

       Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, NATALIA D'ONOFRIO (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, NEXTERA ENERGY RESOURCES, LLC (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000, excluding attorney's fees or costs for damages due to race, national origin discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.*, Florida Statutes ("FCRA"), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, national origin, and retaliation. At all times material hereto, Plaintiff was a resident of Palm Beach County.

2. Defendant is a Florida Limited Liability Company authorized to conduct business in the State of Florida. Specifically, Plaintiff worked in Juno Beach and all actions complained of herein took place at that location.

3.  The venue is proper in Palm Beach County because all of the actions that form the basis of this Complaint occurred within Palm Beach County.

4.  Plaintiff is a biracial female of Honduran national origin and is a member of a class protected under the § 1981, Title VII, and the FCRA because the terms, conditions, and privileges of her employment were altered because of her race, national origin, and/or disability.

5.  Plaintiff was an employee covered by § 1981, Title VII, and the FCRA in that she was subjected to negative, disparate treatment by her employer based on her race, national origin, and/or disability.

6.  Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with § 1981, Title VII, and the FCRA (Fla. Stat. § 760.02(7)).

7.  Plaintiff alleges causes of action for violations of § 1981, Title VII, the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to discriminatory remarks and wrongful termination.

8.  On October 31, 2019, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations.

9.  The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge; The EEOC has issued a Right to Sue Letter to Plaintiff.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff, a biracial female of Honduran national origin was employed by Defendants from

on or about July 2018 through February 2019. At the time of her termination, Plaintiff held the title of Land Technician.

12. While employed with Defendant, Plaintiff was supervised by Ms. Debbie Grogans, her co-manager, and Ms. Choman Naim, the de facto supervisor. Plaintiff witnessed these individuals, as well as multiple co-workers, including Ms. Mercedes Jones, exhibit discriminatory employment practices in that co-managers and co-workers made discriminatory remarks, impersonated and ridiculed various ethnic cultures, subjected Plaintiff to a sexually hostile work environment, and prohibited Plaintiff from taking notes on day-to-day work activities.

13. Further, Plaintiff witnessed White employees, including Ms. Kristina Nixon, Ms. Julie Hurst, Ms. Virginia, and Ms. Jan Dietrich, receive preferential treatment because they were not harassed and were permitted to take notes throughout their employment.

14. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

15. On or about February 2019, Plaintiff spoke with Rita Ellman, the senior administrative assistant to Vice President, Mike O'Sullivan, about the continuing discrimination. Ms. Ellman suggested the possibility of moving Plaintiff's position within the company and soon after spoke with Plaintiff's co-manager, Ms. Debbie Grogan, about moving her position. Immediately after the conversation between Ms. Ellman and Ms. Grogan, Plaintiff was terminated by Ms. Grogan.

16. Throughout her employment Plaintiff was subjected to negative treatment based on her being biracial and her national origin of Honduras.

17. Plaintiff's co-managers discriminated against Plaintiff based on race and national origin and treated Plaintiff differently from White employees. Plaintiff's co-managers and Defendant's human resources department failed to address Plaintiff's complaints of discrimination.

18. Defendant failed to assist or support Plaintiff with any problems she encountered while working for Defendant. Defendant failed to properly deal with complaints of discrimination in the workplace.

19. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I.**
**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964:**
**DISCRIMINATION BASED ON RACE**

20. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-19 of this initial complaint and states:

21. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

22. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

23. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race, Biracial.

24. At all relevant times aforementioned, including the time of discrimination, Defendant

was aware that Plaintiff was Biracial.

25. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

26. The Plaintiff was qualified for the position apart from her apparent race.

27. The Plaintiff was discriminated against by her supervisor because she was biracial.

28. The Defendants are sophisticated employers who have actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

29. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

30. Defendant, through its practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

31. Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was biracial, in violation of the Act.

32. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

33. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

34. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's

rights protecting a person from discrimination due to their race. The discrimination on the basis of national race constitutes unlawful discrimination.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

I. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II.
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON NATIONAL ORIGIN

35. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendants, and re-alleges as set forth herein paragraphs 1-19 of this initial complaint.

36. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

37. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Honduran national origin.

38. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Honduran national origin.

39. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Honduran.

40. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

41. The Plaintiff was qualified for the position apart from her apparent national origin.

42. The Plaintiff was discriminated against by her supervisor because she was Honduran.

43. The Defendant is a sophisticated employer who have actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

44. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

45. Defendants, through its practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

46. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Honduran, in violation of the Act.

47. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

48. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

49. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

    A. Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Grant a permanent injunction enjoining the Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

F.  Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H.  Grant Plaintiff a trial by jury;

I.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III.
### VIOLATION OF 42 U.S.C. § 1981:
### DISCRIMINATION BASED ON RACE

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

51. Plaintiff is a member of a protected class under § 1981.

52. By the conduct describe above, Defendant has engaged in discrimination against

Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

53. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is biracial.

54. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

55. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

56. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

57. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

59. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it and others from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

61. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorney's Fee Award Act.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Adjudge and decree that Defendant has violated § 1981, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

I.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV.
## VIOLATION OF 42 U.S.C. § 1981: RETALIATION

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

63. Plaintiff is a member of a protected class under § 1981.

64. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

65. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

66. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

68. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it and others from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

70. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Adjudge and decree that Defendant has violated § 1981, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

1.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V.
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT: DISCRIMINATION BASED ON RACE

71. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

72. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statutes Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

73. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon race considerations or reasons.

74. The Plaintiff is a biracial female of Honduran national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

75. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly-situated, non-biracial employees were allowed better work opportunities.

76. The Plaintiff was terminated as a result of being biracial, and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

77. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

78. Moreover, as a further result of the Defendant's unlawful race-based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

79. Plaintiff was qualified for her position with Defendant.

80. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her race in the terms, conditions, and privileges of employment.

81. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

82. The Defendant's actions were malicious and recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

83. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants; find that Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court will;

A. Adjudge and decree that Defendant have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

I. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI.
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT: DISCRIMINATION BASED ON NATIONAL ORIGIN

84. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

85. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statutes Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

86. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon national origin considerations or reasons.

87. The Plaintiff is a Biracial female of Honduran national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

88. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Honduran employees were allowed better work opportunities.

89. The Plaintiff was terminated as a result of her national origin and the reasons given by Defendants, if any, for her termination are mere pretext for illegal discrimination.

90. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

91. Moreover, as a further result of the Defendant's unlawful national origin-based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

92. Plaintiff was qualified for her position with Defendant.

93. Defendants violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

94. The Defendant's actions were malicious and recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of national origin.

95. The aforementioned actions of Defendant were done wantonly, willfully, maliciously,

and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant; find that Defendant indeed violated the FCRA, and in addition, order the following additional relief:

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the Plaintiff prays that this Court will;

A. Adjudge and decree that Defendant has violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

l.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII.
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT: RETALIATION

96. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

97. Plaintiff is a member of a protected class under the FCRA.

98. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

99. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

100.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

101.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendants failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

102.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it and others from such action in the future.

103.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court will;

A. Adjudge and decree that Defendant have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race or national origin;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

I.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII.
## VIOLATION OF THE TITLE VII: RETALIATION

104.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this

complaint as if set out in full herein.

105.   Plaintiff is a member of a protected class under Title VII.

106.   By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

107.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

108.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

109.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

110.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it and others from such action in

the future.

111.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will;

A. Adjudge and decree that Defendant has violated the Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race or national origin;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

I.   Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues triable of right by a jury.

Dated: December 2, 2020

Respectfully submitted,

/s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
*Remer & Georges-Pierre, PLLC*
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005